UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GULF PETRO TRADING COMPANY, INC.; PETREC INTERNATIONAL, INC.; JAMES S. FAULK; and JAMES W. FAULK, | : : : : | |
| | : | CASE NO. 1:05CV619 |
| Plaintiffs, | : : | JUDGE RON CLARK |
| | : | |
| v. | : : | |
| NIGERIAN NATIONAL PETROLEUM CORPORATION; BOLA AJIBOLA; JACKSON GAIUS-OBASEKI: SENA ANTHONY; ANDREW W.A. BERKELEY; IAN MEAKIN; HANS VAN HOUTTE, and ROBERT CLARKE, | : : : : : : | |
| | : | |
| Defendants. | : | |

**ORDER ON AGREED MOTION REGARDING ORDER GOVERNING PROCEEDINGS**

One of the recurring complaints from litigants, academics, and the public is that litigation is unreasonably slow and costly, allegedly because courts continually delay proceedings. These complaints reached a crescendo when Congress passed the Civil Justice Delay and Expense Reduction Act of 1990, 28 U.S.C. § 471 *et. seq*. Federal courts were mandated to devise strategies for speeding up the litigation process, thereby reducing costs. As a result, after a period of experimentation with various district court plans designed to accomplish these objectives[1], the Federal Rules of Procedure were amended in 1993. The

---

[1] The Eastern District of Texas was one of the "pilot" districts which developed early expense and delay reduction plans. The District has been in the forefront of efforts to achieve the goals set by Congress.

1

Rules must now be "**administered** to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. (emphasis added). It is universally recognized that one of the most important factors in reducing delay and expense is the early entry of a scheduling order with a firm trial deadline. *See* Judicial conference of the United States, CIVIL LITIGATION MANAGEMENT MANUAL, 2001.

The present case seems to be starting out as a poster child for the strict application of Fed. R. Civ. P. 1. After being served in September, Defendants waited eight weeks before filing an overly long motion to dismiss on jurisdictional grounds. In the order striking that motion the court noted its concern with a potential paper war of motions, responses, replies, and sur-replies of ever-increasing length.

Some twelve weeks after being served, Defendants filed a second motion to dismiss, which complied with the rules. Now Plaintiffs have taken their turn at the brakes. Instead of responding, or requesting an extension of time, within the period allowed by Local Rule CV-7(e), they chose to file a tardy motion seeking to avoid the imposition of any deadlines at all for another two months, except for time limits to allow replies and sur-replies to their anticipated response to the motion to dismiss. About the best that can be said is that the motion is agreed, and arrived just before the court granted Defendants' motion to dismiss as unopposed.

Since Defendants have agreed to the motion, and because jurisdictional issues should, if possible, be resolved before resources are wasted on the merits of the case, the deadline for Plaintiffs to respond to the motion to dismiss is extended to January 30, 2006. As noted in Local Rule CV-7(f) the motion will then be ripe for decision. If a reply or a sur-reply is filed before the court reaches a decision, it may be considered, but counsel would be well advised to

put their best argument forward in their initial filing.

The Rule 16 Management Conference will remain scheduled for February 23, 2006 at 9:30 am. If some issue regarding jurisdiction needs to be clarified, the parties will be notified and a hearing will be held at that time. Otherwise the court intends to enter a ruling by that date. If the case has not been dismissed, the management conference will be held to develop a scheduling order.

The parties have agreed that initial disclosures and other discovery are not needed prior to consideration of the motion to dismiss. No party has outlined any limited discovery, which the party believes is needed to verify specific facts crucial to the present jurisdictional issue.[2] *See Kelly v. Syria Shell Petroleum Development, B.V.*, 213 F.3d 841, 849 (5th Cir. 2000)(when Foreign Sovereign Immunity Act immunity has been claimed, unlimited discovery is not permitted as a matter of course and should only be allowed to verify allegations of specific facts crucial to an immunity determination). Therefore the court will grant the joint request to stay discovery.

IT IS THEREFORE ORDERED that the Agreed Joint Motion Regarding Order Governing Proceedings [**Doc. # 21**] is **GRANTED IN PART**. Plaintiffs have until **January 30, 2006** to respond to Defendants' Motion to Dismiss.

---

[2]The court declines the invitation to decide if discovery is needed and then order it if "the court believes it necessary to resolve issues of material fact. . . ." *See* Agreed Joint Motion [Doc. # 21-1] ¶ 4(C). Counsel are well able to determine for themselves the elements of the jurisdictional claim, the applicable burden of proof, and the evidence they must present, if any.

IT IS FURTHER ORDERED that discovery, including initial disclosures, is **STAYED** pending further order of the court.

So **ORDERED** and **SIGNED** this **19** day of **January, 2006.**

_____
Ron Clark, United States District Judge