**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| GULF PETRO TRADING COMPANY, INC.; PETREC INTERNATIONAL, INC.; JAMES S. FAULK; and JAMES W. FAULK, | : : : : : | |
| Plaintiffs, | : : | CASE NO. 1:05CV619 |
| v. | : : | JUDGE RON CLARK |
| NIGERIAN NATIONAL PETROLEUM CORPORATION; BOLA AJIBOLA; JACKSON GAIUS-OBASEKI: SENA ANTHONY; ANDREW W.A. BERKELEY; IAN MEAKIN; HANS VAN HOUTTE, and ROBERT CLARKE, | : : : : : : : : | |
| Defendants. | : : | |

**ORDER ON PLAINTIFFS' MOTION TO STRIKE A DECLARATION AND RELIEF FROM JUDGMENT**

Before the court is Plaintiffs' Motion to Strike the Declaration of G. Jedy-Agba and Relief from Judgment [Doc. # 32].[1] On March 15, 2006, this court granted Defendants' Motion to Dismiss and entered a final judgment dismissing all of Plaintiffs' claims. Plaintiffs ask this court to grant relief from the judgment under Fed. R. Civ. P. 60 and to strike the Declaration of G. Jedy-Agba submitted in Defendants' reply brief in support of the Motion to Dismiss. Plaintiffs argue the Declaration was fraudulent. The Declaration played no role in this court's March 15, 2006 ruling. The case was dismissed because this court does not have jurisdiction to consider the merits. There is no showing that the Declaration, whether fraudulent or not,

---

[1] For a detailed background of this case and a discussion of the controlling issues see this court's Order On Defendants' Motion to Dismiss [Doc. # 30].

impaired Plaintiffs' ability to fully and fairly present their case as to jurisdiction. The court concludes no relief from the judgment should be granted.

## DISCUSSION

Relief under Rule 60(b) is considered an extraordinary remedy. *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). "[T]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (citations and quotations omitted). Fed. R. Civ. P. 60(b) gives six grounds upon which relief from a judgment may be granted. Plaintiffs state that the motion is brought under Rule 60(b)(3).[2]

Fed. R. Civ. P. 60(b)(3) states that relief from a judgment may be granted where there is "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005)(citations omitted). The moving party must establish these elements by clear and convincing evidence. *Montgomery v. Hall*, 592 F.2d 278, 278-79 (5th Cir. 1979). Rule 60(b)(3) does not require the information withheld be such that it would alter the outcome of the case. *Hesling*, 396 F.3d at 641. When a party is capable of fully and fairly presenting his case notwithstanding any fraud or misconduct, a trial court may properly deny a Rule 60(b)(3) motion. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995).

Assuming *arguendo* that Plaintiffs have established by clear and convincing evidence

---

[2]The court notes that Plaintiffs' Motion cites Fed. R. Civ. P. 60(b)(2) but does not make any argument under this section. Plaintiffs actually state in their reply brief that they are only seeking relief under Rule 60(b)(3).

Defendants engaged in misconduct by submitting a false Declaration, Plaintiffs do not state any way in which this prevented them from fully and fairly presenting their case as to jurisdiction. In fact, the subject Declaration was not even submitted in Defendants' original motion, and it in no way affected Plaintiffs' response to the motion.  Plaintiffs were still able to submit all information they deemed relevant.  Moreover, after the filing of the subject Declaration, Plaintiffs' actually submitted evidence to controvert it.  The misconduct, if any, cannot be said to interfere with Plaintiffs ability to fully and fairly present their case as to why they believed jurisdiction existed.

Additionally, the court finds no reason, after the entry of final judgment, to strike a declaration that was not relied upon by the court in making the prior ruling.  The court previously determined that it does not have jurisdiction to hear this case.  Because Plaintiffs have not articulated any appropriate grounds for relief from this judgment under Rule 60(b), the court finds that all further relief sought should be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Strike the Declaration of G. Jedy-Agba and for Relief from Judgment [**Doc. # 32**] is **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **April, 2006.**

_____
  Ron Clark, United States District Judge